FILED

99 SEP -2 PM 4: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

SEP -2 1999

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 98-PT-907-NE |
| ) | |
| TWO (2) PARCELS OF REAL ) | |
| PROPERTY LOCATED IN JACKSON ) | |
| COUNTY, ALABAMA, TOGETHER ) | |
| WITH ALL IMPROVEMENTS, ) | |
| FIXTURES, AND APPURTENANCES ) | |
| THEREON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The court is called upon to determine whether the Magistrate Judge's Report and Recommendation (R & R or Report) is correct in light of the objections raised by the Government. Essentially, the R & R holds that the statute of limitations on the bringing of an action to foreclose on property that was obtained by Homer Lynn Carrell through the use of drug money has run. The Report suggests that the Government should have known as early as 1990 that the property belonged to Carrell, and that the Government's failure to link the property to Carrell was a result of its failure to interview persons who could have brought such information to light or to otherwise investigate recorded documents, etc.

The statute of limitations relevant to this action is 19

U.S.C. §1621, which states:

> No suit or action to recover any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered, except that . . .
> . . . .
>
> (2) the time of . . . any concealment . . . of the property, shall not be reckoned within the five year period of limitations.

The complaint in the case was filed on April 16, 1998, so the first discovery of the alleged offense must have occurred sometime between April 16, 1993 and the date of the filing of the complaint in order to comply with the statute.

The specific language of the statute leaves three of the issues in this case unresolved:

(1) What is the "alleged offense" when an in rem action is involved?

(2) What suffices for discovery? Must the discovery of the offense be actual, or is knowing or should have known enough?

(3) What suffices for "concealment" in a case involving real property and did the government have the means/ability to discover the alleged offense prior to the statutory period?

Both the Magistrate Judge and the Government agree that the "alleged offense" refers not to the underlying criminal action of the purchaser, but to the offense attached to the property - the purchasing of the property. Thus, the Supreme Court, in

2

analyzing a civil in rem action, has stated: "The thing here is primarily considered as the offender, or rather the offense is attached primarily to the thing." The Palmyra, 12 Wheat 1 (1812). From this, the Government concludes that the "alleged offense" refers to the property's involvement in, or connection to, the criminal activity. In this case, that would be the purchasing of the property by Carrell with the drug money. The Magistrate Judge's Report appears to agree with this assertion, looking primarily to recording dates rather than dates of criminal activity for determining when the alleged offense occurred.

   The difficulties in this case arise in the analysis of the second and third issues. The Magistrate Judge's Report, citing Santana v. United States Customs Serv., 972 F.Supp. 304, 306 (M.D.Pa. 1997), states that the Government is not required to have actual notice of the availability of property subject to forfeiture in order to have discovered the alleged offense for purposes of § 1621. Rather, the Report states that if the Government can be "imputed with notice," it has discovered the offense for purposes of the statute. Thus, according to the Report and to Santana, the relevant issue is when the Government "knew or should have known of the alleged offense and the availability of forfeiture." Thus, courts have stated that the statute begins to run "when the government discovers or possesses

3

the means to discover the alleged wrong, whichever comes first." <u>United States v. $515,060.42 in United States Currency</u>, 152 F.3d 491, 502 (6th Cir. 1997), <u>cert. denied</u>, 119 S.Ct. 804 (1989). The parcels at issue in this case were purchased by Carrell in 1985 and, apparently, August of 1990. Title to the parcels was placed in the names of Elsie Keith, Carrell's former wife and Scottie Lynell Carrell, Carrell's son, as of no later than August 1990. The Report notes that the Government:

- knew that Carrell was involved in drug trafficking well before 1990;

- knew that Elsie Keith was Carrell's former wife and owed him money;

- had already determined, as of 1993, that Carrell had purchased at least one parcel of land in Jackson County with drug money;

- the indictment charged a conspiracy beginning in 1988.

- knew that Carrell had at least one relative who owned property in Jackson County;

- knew that Carrell was involved in illegal drug activity during the 1980's; and

- knew that drug traffickers frequently place title to their assets in the names of friends, family and associates.

Further, the title to Parcel I of the properties was in Carrell and was transferred by deed recorded in 1990. At about

4

the same time, title to Parcel 2 was placed in the same owners as Parcel 1.

Based on the foregoing, the Report concludes that the Government clearly possessed the means to discover the existence of the two parcels of land it now claims are subject to forfeiture. The Report notes that a duly recorded deed gives constructive notice to the world and concludes that the Government should have investigated within five years of the recordation of deeds in the names of Carrell's relatives (who have resided on the properties since 1990). Had it done so, the Government, according to the Report, could have discovered the "alleged offense" as early as 1990. The Report concludes that the open recording of the deeds in the names of Carrell's relatives did not amount to "concealment" under the statute and is not sufficient to toll the statute.

The Government argues that the mere fact that the properties were recorded in the names of Carrell's relatives should not suffice for notice and should not, necessarily, have led to the discovery of the fact that Carrell had, in fact, purchased the property. It notes, citing <u>Premises Known as 318 South Third Street</u>, 988 F.2d 822, 826 (8th Cir. 1993) that the Eighth Circuit has held that "discovery" under § 1621 does not occur until the Government is on notice of the particular violations of federal law supporting the forfeiture. This, however, is the whole point

5

of the Report's inquiry into what the Government knew or should have known about the property and its potential connections to Carrell. The Government simply asserts that discovery did not occur until April 1996, when it first obtained information explicitly linking Carrell to the property.

The Government also cites two cases, <u>United States v. Various Tracts of Land in Muskogee and Cherokee Counties</u>, 98 F.3d 1350 (Table)(10th Cir. Sept. 27, 1996), <u>United States v. Four Tracts of Property on the Waters of Liepers Creek</u>, 70 F.3d 1273 (Table)(6th Cir. Nov. 28, 1995), in which courts found that, as a result of the concealment of assets, the statute of limitations was tolled pursuant to the provisions of § 1621. Both cases involved the concealment of cash assets over a period of time (<u>Liepers Creek</u> involved the purchase of real property with proceeds that had been hidden for 15-20 years, the purchase of the real property was made well-within the statute of limitations). Thus, both cases involve the actual concealment of non-real property as opposed to real property, and are not directly applicable to this case. In this case, it is undisputed that title to the property was put in the names of Carrell's relatives and that the Government could have discovered the situation through an investigation of the real property holdings of Carrell's son and ex-wife.

While the issue has apparently not been decided in this Circuit, this court notes that, from the Government's perspective, it could bring an action 10-20 or more years after a transaction and has no duty to conduct an earlier investigation. This court agrees with the Magistrate Judge that this is an unacceptable principle. This is particularly true when the alleged culprit owned property in his own name, transferred title, and the deed was recorded.

The court will overrule the objections and adopt the Magistrate Judge's Report.

This 2nd day of September, 1999.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**